UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HYDROXYL SYSTEMS, INC. and :
INFILCO DEGREMONT, INC. :
:
v. : C.A. No. 07-399-ML
:
ANOXKALDNES GLOBAL A.B., :
ANOXKALDNES, INC. and :
MICHAEL JOHNS

**AMENDED ANSWER OF ANOXKALDNES, INC. and MICHAEL JOHNS TO PLAINTIFFS' COMPLAINT**

## NATURE OF ACTION

1. These defendants admit that AnoxKaldnes, Inc. has hired Michael Johns, but deny the remaining allegations of paragraph 1.

2. These defendants admit that plaintiffs seek relief, but deny that plaintiffs are entitled to any such relief and deny the remaining allegations of paragraph 2.

3. These defendants admit that plaintiffs seek relief, but deny that plaintiffs are entitled to any such relief and deny the remaining allegations of paragraph 3.

## THE PARTIES

4. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore deny such allegations.

5. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore deny such allegations.

### Defendants

6. Admitted.

7. These defendants admit that AnoxKaldnes Global A.B. is a Swedish corporation and that it is a related corporation to AnoxKaldnes, Inc., but otherwise deny the remaining allegations of paragraph 7.

8. Denied.

9. Admitted.

## JURISDICTION AND VENUE

10. These defendants admit the diversity of citizenship, but deny the remaining allegations of paragraph 10.

11. These defendants admit that personal jurisdiction over them exists in Rhode Island, but deny the remaining allegations of paragraph 11.

12. These defendants admit venue as to the dispute, but deny the remaining allegations of paragraph 12.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

### Hydroxyl's Employment of Michael Johns

13. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny such allegations.

14. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny such allegations.

15. These defendants admit that Hydroxyl employed Johns as a project manager starting in 1999 and that his title was changed to Director of Sales in 2006

(but his duties did not substantially change), but otherwise deny the allegations of paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. These defendants admit that Michael Johns signed an Agreement, but deny the remaining allegations of paragraph 20.

21. Defendants admit that the Agreement is accurately quoted in part, but deny the remaining allegations of paragraph 21.

22. Defendants admit that the Agreement is accurately quoted in part, but deny the remaining allegations of paragraph 22.

23. Denied.

<u>Hydroxyl's Confidential Customer and Business Information</u>

24. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny such allegations.

25. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny such allegations.

26. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny such allegations.

27. Denied.

Confidential Information Arising Out Of Hydroxyl's Collaboration with IDI

28. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore deny such allegations.

29. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore deny such allegations.

30. Denied.

31. Denied.

John's Resignation

32. These defendants admit that Johns resigned from Hydroxyl in February of 2007, but deny the remaining allegations of paragraph 32.

33. Denied.

34. These defendants admit that Johns works for AnoxKaldnes, but deny the remaining allegations of paragraph 34.

35. Denied.

36. Denied.

37. Denied.

Defendants' Conspiracy To Misappropriate
Trade Secrets And hire Away Hydroxyl's Employee

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**FIRST CLAIM**

**Breach of Contract**
**(by Hydroxyl against Johns)**

47. Defendants repeat and reallege their answers to paragraphs 1 through 46 in response to the allegations of paragraph 47.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**SECOND CLAIM**

**Misappropriation of Trade Secrets**
**(by Hydroxyl and IDI against all Defendants)**

52. Defendants repeat and reallege their answers to paragraphs 1 through 51 in response to the allegations of paragraph 52.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## THIRD CLAIM

**Intentional Interference with Employment Contract**
**(by Hydroxyl against AnoxKaldnes Global A.B. and AnoxKaldnes, Inc.)**

63. Defendants repeat and reallege their answers to paragraphs 1 through 62 in response to the allegations of paragraph 63.

64. Denied.

65. Denied.

66. These defendants admit that AnoxKaldnes was aware of Johns' prior employment at Hydroxyl, but otherwise deny the remaining allegations of paragraph 66.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## FOURTH CLAIM

**Breach of Fiduciary Duty**
**(by Hydroxyl against Johns)**

73. Defendants repeat and reallege their answers to paragraphs 1 through 72 in response to the allegations of paragraph 73.

74. Denied.

75. These defendants acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 75.

76. Denied.

77. Denied.

## FIFTH CLAIM

**Inducing Breach of Fiduciary Duty**
**(by Hydroxyl against AnoxKaldnes Global A.B. and AnoxKaldnes, Inc.**

78. Defendants repeat and reallege their answers to paragraphs 1 through 77 in response to the allegations of paragraph 78.

79. These defendants acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**SIXTH CLAIM**

**Breach of Duty of Loyalty**
**(by Hydroxyl against Johns)**

84. Defendants repeat and reallege their answers to paragraphs 1 through 83 in response to the allegations of paragraph 84.

85. These defendants acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 85.

86. Denied.

87. Denied.

**SEVENTH CLAIM**

**Inducing Breach of Duty of Loyalty**
**(by Hydroxyl against AnoxKaldnes Global A.B. and AnoxKaldnes, Inc.)**

88. Defendants repeat and reallege their answers to paragraphs 1 through 87 in response to the allegations of paragraph 88.

89. Defendants admit that AnoxKaldnes knew that Johns was an employee of Hydroxyl, and acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 89.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## EIGHTH CLAIM

### Intentional Interference With Prospective Contractual Relations
### (by Hydroxyl and IDI against all Defendants)

94. Defendants repeat and reallege their answers to paragraphs 1 through 93 in response to the allegations of paragraph 94.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## NINTH CLAIM

### Conspiracy
### (by Hydroxyl and IDI against all Defendants)

101. Defendants repeat and reallege their answers to paragraphs 1 through 100 in response to the allegations of paragraph 101.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## TENTH CLAIM

**Unfair Competition**
**(by Hyrdoxyl and IDI against all Defendants)**

108. Defendants repeat and reallege their answers to paragraphs 1 through 107 in response to the allegations of paragraph 108.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## ELEVENTH CLAIM

**Violation of N.C. Gen.Stat. 75-1.1 (1977)**
**(by Hyrdoxyl and IDI against AnoxKaldnes Global A.B. and AnoxKaldnes, Inc.**

113. Defendants repeat and reallege their answers to paragraphs 1 through 112 in response to the allegations of paragraph 113.

114. These defendants admit that IDI and AnoxKaldnes competed for a project in North Carolina, but otherwise deny the remaining allegations of paragraph 114.

115. Admitted.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' complaint fails to state a claim against these defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert certain of the claims in the complaint.

**THIRD AFFIRMATIVE DEFENSE**

The non-compete clause contained in Johns' Employment Agreement is not enforceable for lack of consideration.

**FOURTH AFFIRMATIVE DEFENSE**

The non-compete clause contained in Johns' Employment Agreement is not enforceable because it is unnecessary to protect any legitimate business interest of Hydroxyl.

**FIFTH AFFIRMATIVE DEFENSE**

The non-complete clause contained in Johns' Employment Agreement is not enforceable because it is unreasonably broad in its geographic and temporal scope.

**SIXTH AFFIRMATIVE DEFENSE**

Hydroxyl Systems no longer competes with AnoxKaldnes, Inc. in the municipal waste water treatment market in the United States.

**SEVENTH AFFIRMATIVE DEFENSE**

No privity of contract exists between Infilco Degremont and Johns and Johns never had any employment relationship with IDI.

WHEREFORE, ANOXKALDNES, INC. and MICHAEL JOHNS demand that plaintiffs' complaint be denied and dismissed with prejudice and that costs and attorneys' fees be awarded to these defendants.

ANOXKALDNES, INC. and
MICHAEL JOHNS
By their Attorneys,

/s/ William R. Grimm
William R. Grimm (#1938)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
wgrimm@haslaw.com

Dated: December 3, 2009

**CERTIFICATION**

To:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that I mailed a copy of the within Answer to the attorney of record, as listed above, on this 3rd day of December, 2007.

/s/ William R. Grimm

#852012