UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HYDROXYL SYSTEMS, INC. and INFILCO DEGREMONT, INC. | : | |
| v. | : | C.A. No. 07-399-ML |
| ANOXKALDNES GLOBAL A.B., ANOXKALDNES, INC. and MICHAEL JOHNS | : | |

**DEFENDANT ANOXKALDNES GLOBAL A.B.'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant AnoxKaldnes Global ("AK Global") hereby moves to dismiss the Complaint filed against it by Plaintiffs Hydroxyl Systems, Inc. and Infilco Degremont, Inc. ("Plaintiffs") in the above-captioned matter for lack of personal jurisdiction. As more fully set forth in the accompanying Memorandum of Law, AK Global is a Swedish corporation and does not have "minimum contacts" with the forum state, Rhode Island, necessary for personal jurisdiction over AK Global. The Complaint against it must be dismissed.

ANOXKALDNES GLOBAL A.B.
By its Attorneys,

/s/ William R. Grimm
William R. Grimm (#1938)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
wgrimm@haslaw.com

Dated: February 13 , 2008

## CERTIFICATION

To:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that on February 13, 2008, a copy of the foregoing Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ William R. Grimm
William R. Grimm

#870867

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HYDROXYL SYSTEMS, INC. and INFILCO DEGREMONT, INC. | : | |
| v. | : | C.A. No. 07-399-ML |
| ANOXKALDNES GLOBAL A.B., ANOXKALDNES, INC. and MICHAEL JOHNS | : | |

**DEFENDANT ANOXKALDNES GLOBAL A.B.'S**
**MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant AnoxKaldnes Global A.B. ("AK Global") submits this memorandum in support of its Motion to Dismiss plaintiffs' Complaint against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I. INTRODUCTION

AK Global is a Swedish corporation and does not have the requisite minimum contacts with the State of Rhode for this Court to exercise personal jurisdiction over it. At issue here are the purported actions by AK Global's legally separate and distinct subsidiary, AnoxKaldnes, Inc. ("AK Inc."), and an individual formally employed by AK Inc., Michael Johns ("Johns").

AK Global has not had any contact with Rhode Island that would permit this Court to exercise personal jurisdiction over it either under the Rhode Island long arm statute or under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Accordingly, this Court should dismiss plaintiffs' Complaint as against AK Global.

## II. FACTUAL BACKGROUND

AK Global is a corporation organized under the laws of Sweden and has a principal place of business in Lund, Sweden. Affidavit of Thomas Welander ("Welander Aff.") ¶ 1. Effective July 18, 2007, Veolia Water Solutions & Technologies S.A. ("VWS") acquired AK Global. Id. ¶ 3.

AK Global is the parent company of a number of subsidiaries located in Sweden, Norway, Spain, Australia and the United States composing the AnoxKaldnes Group ("AK Group"). Id. ¶ 4. The AK Group designs and sells biological systems for wastewater treatment. Id.

AK Global has no significant operations and effectively acts a holding company. Id. ¶ 7. In its course of business, AK Global has had little meaningful contact with the State of Rhode Island. AK Global has never had an office, telephone listing, bank account or any tangible assets in Rhode Island. Id. ¶¶ 8, 12. AK Global has never owned or rented real or personal property in Rhode Island or anywhere else in the United States. Id. ¶ 13. Its bank accounts are located in Sweden and it has some production equipment at its subsupplier sites in Germany, Denmark, Spain, China and Korea. Id. ¶ 8. AK Global has never "qualified" with the Rhode Island Secretary of State or become licensed to do business in Rhode Island. Id. ¶ 9. AK Global has never been subject to taxation by the State of Rhode Island. Id. ¶ 10. AK Global does not have any employees in Rhode Island or anywhere else in the United States. Id. ¶ 11. AK Global does not advertise or otherwise generally solicit business in Rhode Island or anywhere else in the United States. Id. ¶ 14.

AnoxKaldnes, Inc. ("AK Inc.") is a wholly owned subsidiary of AK Global, incorporated under the laws of the State of Rhode Island in 2002. Id. ¶ 15. Its principal place of business is

260 West Exchange Street, Suite 301, Providence, Rhode Island. Id. AK Inc. focuses its business efforts on the North American market. Id. ¶ 16.

AK Inc.'s biological systems for wastewater treatment include plastic component parts referred to as "media." Id. ¶ 19. Prior to January 2007, AK Inc. sent its purchase orders for media directly to a manufacturer in Korea. Id. ¶ 20. AK Inc. separately coordinated and paid for the shipping of the media from the manufacturer directly to the jobsites in North America. Id. Since January 2007, AK Inc. has sent its purchase orders for media to AK Global in Sweden, which then sends the sales order to the Korean manufacturer. Id. ¶ 21. AK Global has an exclusive manufacturing contract with this manufacturer. Id. AK Inc. still separately coordinates and pays to have the goods shipped from Korea directly to the jobsites. Id. AK Global invoices AK Inc., which then bills its clients. Id. AK Global's only business relationship in North America is with AK Inc.; AK Global does not directly contract with any other entity in North America. Id. ¶ 22.

AK Global has no involvement in the hiring of AK Inc.'s employees. Id. ¶ 23. AK Global did not participate in the hiring of Michael Johns. Id. ¶ 24. No one from AK Global met Johns or spoke to him prior to his hiring. Id. Michael Johns is not an employee of AK Global. Id. ¶ 26. AK Global does not submit bids for wastewater treatment projects in North America. Id. ¶ 27.

AK Global and AK Inc. are legally separate and distinct corporations. Id. ¶ 28. AK Inc. operates independently from AK Global. Id. ¶ 29. AK Global does not control the day-to-day operations of AK Inc. Id. AK Global and AK Inc. do not share employees and they keep separate records and books. Id. ¶¶ 30, 31.

## III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER AK GLOBAL.

This Court does not have personal jurisdiction over AK Global. Courts in the United States must approach questions of personal jurisdiction over foreign defendants with great trepidation. The United States Supreme Court in Asahi Metal Industries, Co. v. Superior Court of California stated that "the unique burdens placed upon one who must defend one's self in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." 480 U.S. 102, 114 (1987). Because the exercise of personal jurisdiction over a foreign defendant involves sensitive issues of international comity, "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." Id. at 115 (citing United States v. First Nat'l City Bank, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting)).

In this case, AK Global is organized and exists under the laws of Sweden and has its principal and only place of business in Sweden. AK Global maintains no branches or offices in the United States. Welander Aff. ¶ 12. It has not qualified or been licensed to do business in the United States and does not maintain any employees in the United States. Id. ¶¶ 9, 11 . It has not directed its activities toward Rhode Island. Id. ¶ 14. It and AK Inc. have abided by corporate formalities and they are legally separate and distinct entities.

Plaintiffs have the burden of establishing personal jurisdiction by demonstrating AK Global's contacts with the proposed forum state. Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001). A court must determine that personal jurisdiction exists in one of two ways, either by general jurisdiction or specific jurisdiction. Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65, 72 (D.R.I. 1995).

1. Plaintiffs Cannot Demonstrate that this Court has General Jurisdiction over AK Global.

"A court has general jurisdiction when 'the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'" Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 25 (1st Cir. 2007); United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). This standard for general jurisdiction over a defendant "is considerably more stringent than that applied to specific jurisdiction questions." Negron-Torres, 478 F.3d at 27 (quotations and citations omitted).

Clearly, general jurisdiction does not exist here because AK Global has not engaged in "continuous and systematic activity" in Rhode Island. In its course of business, AK Global has had little meaningful contact with the State of Rhode Island. Its bank accounts are located in Sweden and it has some production equipment at its subsupplier sites in Germany, Denmark, Spain, China and Korea. Welander Aff. ¶ 8. AK Global has never "qualified" with the Rhode Island Secretary of State or become licensed to do business in Rhode Island. Id. ¶ 9. AK Global has never been subject to taxation by the State of Rhode Island. Id. ¶ 10. AK Global does not have any employees in Rhode Island or anywhere else in the United States. Id. ¶ 11. AK Global has never had an office, telephone listing, bank account or any tangible assets in Rhode Island. Id. ¶ 12. AK Global has never owned or rented real or personal property in Rhode Island or anywhere else in the United States. Id. ¶ 13. AK Global does not advertise or otherwise generally solicit business in Rhode Island or anywhere else in the United States. Id. ¶ 14.

The fact that AK Global accepts purchase orders from AK Inc. for products manufactured in Korea does not create "extensive and pervasive" contacts between Rhode Island and AK Global that would support general jurisdiction. AK Global does not enter into these contracts in

Rhode Island, and AK Inc. coordinates and pays for the shipment of the media from Korea to the jobsites located throughout North America. Welander ¶¶ 21, 22; see Branch Metal Processing, Inc. v. Boston Edison Co., 952 F. Supp. 893, 907 (D.R.I. 1996) (finding no general jurisdiction because defendant's contacts with Rhode Island were sporadic even though defendant had filed suit in Rhode Island in another matter, purchased electrical capacity from a business located in Rhode Island, and had contractual relationships with two Rhode Island companies); Barry v. Mortgage Serving Acquisition Corp., 909 F. Supp. 65 (D.R.I. 1995) (finding no general jurisdiction even though defendant held mortgages on real property in Rhode Island because defendant did not enter into contracts in Rhode Island, did not solicit business in the forum, and was not registered to do business in the forum). General jurisdiction does not exist here.

2. Plaintiffs Cannot Satisfy the Constitutional Requirements for Demonstrating Specific Jurisdiction over AK Global.

The plaintiffs must satisfy two conditions in order to demonstrate specific jurisdiction: "First, the forum in which the Federal District Court sits must have a long-arm statute that grants jurisdiction over the defendant." Sostre v. Leslie, 2008 WL 239527, *3 (D.R.I. Jan. 28, 2008) (slip copy). "Second, 'the plaintiff must ... show sufficient minimum contacts such that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution.'" Id. (quoting LaVallee v. Parrot-Ice Drink Prod. of Am., Inc., 193 F. Supp. 2d 296, 302 (D. Mass. 2002) (quotations and citations omitted)). This court does not have specific jurisdiction over AK Global because AK Global does not have minimum contacts with Rhode Island that arise from the issues underlying this case. The mere fact that AK Global is the parent company of AK Inc. is a constitutionally inadequate basis for asserting personal jurisdiction.

Rhode Island's long arm statute, R.I. Gen. Laws § 9-5-33, "authorizes assertion of personal jurisdiction to the fullest extent permitted by the United States Constitution." Women

& Infants Hosp. of R.I. v. Cmty. Health Network of Conn., Inc., 394 F. Supp. 2d 488, 491 (D.R.I. 2005). In order to comport with the strictures of the Constitution, plaintiffs must meet three distinct components: relatedness, purposeful availment – sometimes referred to as "minimum contacts" – and reasonableness. The First Circuit has described these components as follows:

> First, the claim underlying the litigation must directly arise out of, or relate to the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of the state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Sostre, 2008 WL 239527, *4 (quoting United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). In its landmark decision in International Shoe Co. v. Washington, the United States Supreme Court ruled that a foreign corporation not present within the territory may not be subject to *in personam* jurisdiction unless it has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940). For this jurisdictional analysis, the focus is on the defendant's purposeful activity within the forum and not on any conduct in which the plaintiffs have engaged.

The plaintiffs cannot show that their claims in this litigation directly arose out of, or relate to, any forum-based activities of AK Global. In order to meet the relatedness prong, "'the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.'" Women & Infants Hosp. of R.I., 394 F. Supp. 2d at 491 (quoting United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992).

The actions underlying this litigation are AK Inc.'s hiring of Michael Johns and AK Inc.'s alleged misappropriation of confidential information and alleged interference with the plaintiffs' potential contracts in North America. AK Global did not participate in the hiring of Johns. Welander Aff. ¶ 24. AK Global has no general involvement in the employment decisions made by AK Inc. Id. ¶ 23. No officer or member of the board of directors of AK Global directed AK Inc.'s hiring of Johns; nor did any of these individuals meet with or talk with Johns prior to him being hired. Id. ¶ 24. Chandler Johnson, the president of AK Inc., informed Welander that Johnson had hired Johns only after the hiring decision was final. Id. ¶ 25.

AK Global has not bid on any projects in North America in competition with plaintiffs, much less the ones that plaintiffs assert are involved in this suit. Id. ¶ 27. Simply, plaintiffs cannot demonstrate that AK Global has engaged in any activities in the forum that relate to the claims underlying this litigation.

Plaintiffs cannot establish minimum contacts between AK Global and Rhode Island because AK Global has not purposefully availed itself of any privilege of conducting activities in Rhode Island. "The focus of this second prong ... is on 'voluntariness and foreseeability.'" Women & Infants Hosp. of R.I., 394 F. Supp. 2d at 492. "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contracts, or the 'unilateral activity of another party or a third person.' Jurisdiction is proper, however, where the contact proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65, 72 (D.R.I. 1995).

Here, AK Global has not purposefully availed itself of any contacts with Rhode Island. The fact that AK Global is the parent company of AK Inc. – an entity that is subject to this

Court's jurisdiction – is not a constitutionally sufficient "minimum contact" with Rhode Island. Negron-Torres, 478 F.3d at 27 ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is the sole owner of the subsidiary."). AK Global and AK Inc. are separate legal entities, and the basis for this Court's personal jurisdiction over AK Inc. cannot be attributed to AK Global. Despite the conclusory allegations set forth in the plaintiffs' Complaint, AK Global and AK Inc. are not alter egos of each other.

"The principle of limited liability is a pillar of corporate law ... [and] [o]rdinarily, courts respect the legal independence of a corporation and its subsidiary when determining if a court's jurisdiction over the offspring begets jurisdiction over the parent." United Elec., Radio & Machine Workers of Amer. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1091 (1st Cir. 1992). A plaintiff's allegation that a parent has "overall financial and policy control" over the subsidiary is not enough to establish personal jurisdiction over the parent. Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003). This type of control "is inherent in ownership and, if overall control were sufficient, every parent would be present wherever a wholly owned subsidiary was present in a state. For this purpose, a separately managed company is a separate entity." Id.

If the parent and wholly owned subsidiary abide by corporate formalities, then a court will not pierce the corporate veil, or find an alter-ego or agency relationship in order to establish personal jurisdiction over the foreign parent company. These corporate formalities include: whether the parent and subsidiary maintain separate finances and records, have separate facilities, were separately incorporated, have separate boards and separate operating personnel. Russell v. Enterprise Rent-A-Car Co. of R.I., 160 F. Supp. 2d 239, 252 (D.R.I. 2001).

In Russell v. Enterprise Rent-a-Car Company of Rhode Island, the plaintiff sued her former employer and its foreign parent company for employment discrimination. The plaintiff argued that the court had personal jurisdiction over the parent company, which wholly owned the plaintiff's employer, because the court had jurisdiction over the subsidiary. 160 F. Supp. 2d at 239. The Court explained that "'[i]n determining whether jurisdiction is proper over a parent corporation solely because of its subsidiary's contacts with the forum state, [t]here is a presumption of corporate separateness that [may] be overcome by clear evidence.'" Id. (quoting Donatelli v. Nat'l Hockey League, 893 F.2d 459, 465 (1st Cir. 1990)). The Court further explained that cases "where personal jurisdiction has been upheld based on some parent-subsidiary relationship have turned on some 'plus factor' beyond the subsidiary's mere presence as a member of a corporate family." Id. (quoting Donatelli, 893 F.2d at 465-66).

The Russell Court found that the plaintiff failed to demonstrate that there was personal jurisdiction over the parent company. The plaintiff had failed to prove the "plus factor" – such as complete control of the subsidiary by the parent company that would evidence an agency or alter ego relationship -- or any "strong and robust evidence" of the parent's control over the subsidiary that would allow the court to pierce the corporate veil. The Court explained that having common directors and officers does not overcome the presumption of separateness of the parent and the subsidiary. The fact that the subsidiary handled its "own marketing, accounting, budgeting and training" supported the Court's ruling against personal jurisdiction of the parent. The subsidiary handled the purchasing of the vehicles that were central to the business and the parent did not control these purchases. The finances of the two companies were distinct and the "two do not share employees, services, records, office space, or equipment, with the exception of a mainframe computer system that serves as a conduit for information." Id. at 252.

Like the defendants in Russell, AK Global and AK Inc. are legally distinct entities. AK Global and AK Inc. abide by "corporate formalities": they keep separate finances and records; they have separate officers; and they "do not share employees, services, records, office space, or equipment." Welander Aff. ¶¶ 28-31. AK Global does not control the operations of AK Inc. nor does AK Global participate in the hiring of AK Inc.'s employees. Id. ¶¶ 23, 29. Accordingly, the mere fact that AK Global's subsidiary is subject to this Court's personal jurisdiction does not establish personal jurisdiction over AK Global.

"The third prong of the jurisdictional analysis requires that the Court's exercise of jurisdiction be reasonable." Women & Infants Hosp. of R.I., 394 F. Supp. 2d at 492. In making this determination, this Court refers to the "gesalt" factors identified by the United States Supreme Court. Id. (citing World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 292 (1980). The gesalt factors include: "the burden on the defendant in appearing; the forum state's interest in adjudicating the matter; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and the shared interest of the several states in furthering fundamental substantive social policies." Women & Infants Hosp. of R.I., F. Supp. 2d at 492 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); World-Wide Volkswagon Corp., 444 U.S. at 292).

The gesalt factors weigh in AK Global's favor. First, the burden on AK Global in litigating in Rhode Island is great. AK Global would have to litigate in a forum thousands of miles away in a foreign court system and a foreign language. None of AK Global's officers or directors lives in the United States. AK Global does not conduct any business in Rhode Island or North America and its documents are located in Sweden. Second, Rhode Island does not have an overriding interest in adjudicating this matter: the plaintiffs here are a New York corporation

with its principal place of business in Virginia and a Canadian corporation with its principal place of business in British Columbia. Third, there is no basis for alleging that AK Global's rightful exclusion from this litigation will interfere with the efficient resolution of this matter, with any state's social policy interests, or with plaintiffs' interest in obtaining convenient and effective relief.

In weighing all of the factors, it is unreasonable for this Court to exercise jurisdiction over AK Global because it is located in Sweden and it has no meaningful contacts with the State of Rhode Island.

## IV. CONCLUSION

For the reasons set forth above, AK Global respectfully requests that this Court dismiss plaintiffs' Complaint against it.

ANOXKALDNES GLOBAL A.B.
By its Attorneys,

/s/ William R. Grimm

William R. Grimm (#1938)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
wgrimm@haslaw.com

Dated: February 13, 2008

**CERTIFICATION**

To:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that on February 13, 2008, a copy of the foregoing Memorandum in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ William R. Grimm
William R. Grimm

#868374v5 (56846/134298)