UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HYDROXYL SYSTEMS, INC. and INFILCO DEGREMONT, INC. | : | |
| v. | : | C.A. No. 07-399-ML |
| ANOXKALDNES GLOBAL A.B., ANOXKALDNES, INC. and MICHAEL JOHNS | : | |

**AFFIDAVIT OF THOMAS WELANDER**

I, Thomas Welander, being duly sworn, hereby depose and state as follows:

1. Since 1996, I have been Chief Executive Officer and Managing Director of AnoxKaldnes Global A.B. ("AK Global"), a company incorporated under the laws of Sweden. AK Global's principal place of business is located in Lund, Sweden.

2. I provide this affidavit in support of the Motion to Dismiss for Lack of Personal Jurisdiction.

3. Effective July 18, 2007, Veolia Water Solutions & Technologies S.A. ("VWS") acquired AK Global.

4. AK Global is the parent company of a number of subsidiaries located in Sweden, Norway, Spain, Australia and the United States composing the AnoxKaldnes Group ("AK Group"). The AK Group designs and sells biological systems for wastewater treatment.

5. Until VWS's acquisition of AK Global, I was a member of AK Global's Board of Directors in addition to Örjan Söderlund (Chairman of the Board), Lars Gunnarsson, and Göran Sundström.

6. Until VWS's acquisition of AK Global, its executive body comprised myself (Chief Executive Officer); Marie Fremner (Chief Financial Officer); Anders Löfqvist (Chief

Technical Officer); Åsa Malmqvist and Jan H. Knudsen. Terje Andersen was also a part of the executive body until July 1, 2007.

7. AK Global employs only three people: Marie Fremner, Anders Löfqvist, and myself. AK Global has no significant operations and effectively acts as a holding company.

8. AK Global does not have any assets in the United States. Its bank accounts are located in Sweden. AK Global has some production equipment at its subsupplier sites in Germany, Denmark, Spain, China and Korea.

9. AK Global has never "qualified" with the Rhode Island Secretary of State or become licensed to do business in Rhode Island.

10. AK Global has never been subject to taxation by the State of Rhode Island.

11. AK Global does not have any employees in Rhode Island or anywhere else in the United States.

12. AK Global has never had a branch, office, or telephone listing in Rhode Island or anywhere else in the United States.

13. AK Global has never owned or rented real or personal property in Rhode Island or anywhere else in the United States.

14. AK Global does not advertise or otherwise generally solicit business in Rhode Island or anywhere else in the United States.

15. AnoxKaldnes, Inc. ("AK Inc.") is a wholly owned subsidiary of AK Global. AK Inc. was incorporated under the laws of the State of Rhode Island in 2002. Its principal place of business is 260 West Exchange Street, Suite 301, Providence, Rhode Island.

16. AK Inc. focuses it business efforts on the North American market.

17. From January 1, 2007 until May 28, 2007, the following were on AK Inc.'s Board of Directors: Jack Gardiner (Chairman), Terje Andersen, and myself. As of May 28, 2007, Marie Fremner replaced Terje Andersen on the Board. In August 2007, Jack Gardiner left the AK Inc. Board and I became its Chairman.

18. The officers of AK Inc. are Chandler Johnson (President and Secretary) and Joanne D'Acchioli (Treasurer).

19. AK Inc.'s biological systems for wastewater treatment include plastic component parts referred to as "media."

20. Prior to January 2007, AK Inc. sent purchase orders for media directly to a manufacturer in Korea. AK Inc. separately coordinated and paid for the shipping of the media from the manufacturer directly to the jobsites in North America.

21. Since January 2007, AK Inc. has sent its purchase orders for media to AK Global in Sweden, which then sends sales orders to the Korean manufacturer. AK Global has an exclusive manufacturing contract with this manufacturer. AK Inc. still separately coordinates and pays to have the goods shipped from Korea directly to the jobsites. AK Global invoices AK Inc., which then bills its clients.

22. AK Global's only business relationship in North America is with AK Inc.; AK Global does not directly contract with any other entity in North America.

23. AK Global has no involvement in the hiring of AK Inc.'s employees.

24. AK Global did not participate in the hiring of Michael Johns. No one from AK Global met Johns or spoke to him prior to his hiring.

25. Chandler Johnson informed me that he had decided to hire Johns after Johnson had made the decision to do so.

26. Michael Johns is not an employee of AK Global.

27. AK Global does not submit bids for wastewater treatment projects in North America.

28. AK Global and AK Inc. are legally separate and distinct corporations.

29. AK Inc. operates independently from AK Global; AK Global does not control the day-to-day operations of AK Inc.

30. AK Global and AK Inc. do not share employees.

31. AK Global and AK Inc. keep separate records and books.

Thomas Welander

SUBSCRIBED AND SWORN to before me this ______ day of February, 2008.

NOTARY PUBLIC

This is to certify that Thomas Welander has written his
signature by his own hand.
Lund, Sweden, this 13th day of February 2008
Ex officio

Helén Kinnman
Notary Public

NOTARIUS PUBLICUS I LUND

Dno 191/08
Fee SEK 250

**CERTIFICATION**

To:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that on February 13, 2008, a copy of the foregoing Affidavit of Thomas Welander was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ William R. Grimm
William R. Grimm

872234