**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HYDROXYL SYSTEMS, INC. and INFILCO DEGREMONT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ANOXKALDNES GLOBAL A.B., ANOXKALDNES, INC. and MICHAEL JOHNS,<br><br>Defendants. | Case No.: 07-cv-00399 ML-LDA |

**PLAINTIFFS' MOTION FOR LEAVE TO AMENDED**
**<u>COMPLAINT AND FOR PARTIAL VOLUNTARY DISMISSAL</u>**

Pursuant to Rules 16 and 41 of the Federal Rules of Civil Procedure, plaintiffs Hydroxyl Systems, Inc. and Infilco Degremont, Inc. hereby move for leave to amend the Complaint and for partial voluntary dismissal. The facts and arguments upon which this motion is based are set forth in the accompanying memorandum.

Dated: April 24, 2008
Providence, Rhode Island

HYDROXYL SYSTEMS, INC. and
INFILCO DEGREMONT, INC.,
By their Attorneys,

/s/ *Geoffrey W. Millsom*
Geoffrey W. Millsom (#6483)
Kyle M. Zambarano (#7171)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
gmillsom@apslaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HYDROXYL SYSTEMS, INC. and INFILCO DEGREMONT, INC., Plaintiffs, vs. ANOXKALDNES GLOBAL A.B., ANOXKALDNES, INC. and MICHAEL JOHNS, Defendants. | Case No.: 07-cv-00399 ML-LDA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMENDED COMPLAINT AND FOR PARTIAL VOLUNTARY DISMISSAL**

Plaintiffs Hydroxyl Systems, Inc. ("Hydroxyl") and Infilco Degremont, Inc. ("IDI") submit this memorandum in support of their Motion For Leave to File an Amended Complaint And For Partial Voluntary Dismissal. A copy of the Proposed Amended Complaint is attached as Exhibit 1.

**INTRODUCTION**

This cases arises out of the termination of the employment relationship between plaintiff Hydroxyl and defendant Michael Johns and the subsequent hiring of Michael Johns by defendant AnoxKaldnes, Inc. ("AnoxKaldnes"). In the original Complaint, Hydroxyl and its exclusive North American licensee, IDI, alleged a number of claims contending that Mr. Johns' new employment violates the terms of a non-compete between Mr. Johns and Hydroxyl, has resulted in the misappropriation of trade secrets and other confidential information belonging to Hydroxyl and IDI, and interferes with Hydroxyl's

and IDI's ability to effectively and fairly compete in the wastewater treatment industry. Hydroxyl and IDI initially sued not only Johns and AnoxKaldnes, but also AnoxKaldnes' corporate parent, AnoxKaldnes Global, A.B.

Since the filing of this lawsuit, there have been two significant developments that require Hydroxyl and IDI to amend their Complaint. First, AnoxKaldnes and AnoxKaldnes Global, A.B., were acquired by Veolia Water Solutions ("Veolia") and merged into Veolia's subsidiary, I. Kruger, Inc. ("Kruger"). Second, IDI has reassessed its business strategy and goals and determined that it no longer wishes to pursue this litigation.

As a result of these developments, plaintiffs seek to amend their Complaint in order to: 1) remove IDI as a plaintiff, 2) add Kruger as a defendant, 3) remove AnoxKaldnes Global, A.B. as a defendant, 4) remove the Eleventh Claim (for violation of N.C. Gen. Stat. 75-1.1, and 5) make minor related textual edits. Plaintiffs also seek leave to voluntarily dismiss IDI's claims without prejudice.

## ARGUMENT

### I. PLAINTIFFS' SHOULD BE GRANTED LEAVE TO AMEND THEIR COMPLAINT IN THE INTEREST OF JUSTICE

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a party's pleading "by leave of court," and specifically provides that "leave shall be freely given when justice so requires." This Court, the First Circuit and the United States Supreme Court have all repeatedly emphasized the liberal standard favoring motions to amend. *See Schock v. United States*, 21 F. Supp. 2d 115, 124 (D.R.I. 1998); *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (leave to amend "shall be freely given when justice so requires," and "we will not affirm (a denial of leave to amend) unless there appears to be

an adequate reason for the denial, such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment"); *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("[i]n the absence of any apparent or declared reason . . . the leave [to amend] sought should, as the rules require, be 'freely given'").

"Generally, amendments are favored, as they tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D. N.Y. 1998). Amendment generally will be permitted where the amendment "in no way alters the known facts and issues on which the action is based." *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976). The party opposing amendment "ha[s] the burden of establishing that leave to amend would be prejudicial or futile." *Sokolski*, 178 R.R.D. at 396. A party may seek leave to amend at any time during the litigation. *See* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1484, at 652 (2d ed. 1990) ("[q]uite appropriately the courts have not imposed any arbitrary timing restrictions on a party's request for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. . . [including] when the case is on the trial calendar and has been set for a hearing by the district court").

Plaintiffs should be permitted to amend their Complaint in this case because the two principal objectives served by the amendment serve to simplify this case and to ensure that all necessary parties in interest are included in the action. Removing IDI as plaintiff simplifies the issues in the case, because IDI had no contractual or employment relationship with Mr. Johns. IDI initially joined as a plaintiff because, as the exclusive North American licensee of Hydroxyl, it was the actual (and unsuccessful) bidding party

on several municipal wastewater treatment projects that were awarded to AnoxKaldnes shortly after John's defection from Hydroxyl. IDI's presence in the case, while appropriate, adds a level of complexity and an additional quantum of proof that will not need to be presented to the factfinder in the event leave to amend is granted. Conversely, although IDI clearly suffered damages as a result of Defendants' actions, its absence from the litigation will not adversely impact the presentation of the case and there appears to be no prejudice to Defendants as a result of IDI's withdrawal as a plaintiff.

The removal of AnoxKaldnes Global, A.B. is essentially a housekeeping matter. AnoxKaldnes Global, A.B. moved to dismiss Plaintiffs' claims based on lack of personal jurisdiction. In light of the acquisition of AnoxKaldnes by Veolia, Plaintiffs elected not to oppose the motion. Although no order has been entered, Plaintiffs expect that the motion to dismiss will be granted. Accordingly, there is no longer any need to include AnoxKaldnes Global, A.B., or any allegations concerning AnoxKaldnes Global, A.B., in the Complaint.

The inclusion of Kruger as a defendant is necessary for several reasons. First, it is Mr. Johns current employer and a competitor of Hydroxyl's and, therefore, within the scope of prohibited employers under Mr. John's non-compete agreement. Hydroxyl seeks an injunction prohibiting Johns from working for Kruger. Second, because it is a competitor of Hydroxyl engaged in may of the same activities, pursuing many of the same potential customers and relying upon and developing similar technologies, Kruger's employment of Mr. Johns necessarily threatens the misappropriation of Hydroxyl's trade secrets, whether because Kruger may intentionally seek to mine Mr. John's knowledge of Hydroxyl's trade secrets and confidential information or through inevitable disclosure.

Third, by virtue of what its own promotional materials have described as a "merger" of AnoxKaldnes and Kruger, Kruger appears to be the successor-in-interest of AnoxKaldnes. The nature of the acquisition of AnoxKaldnes is not clear to Plaintiffs, nor is it yet apparent whether any contracts were assigned from AnoxKaldnes to Kruger, but it stands to reason that, if any contracts obtained as a result of tortious conduct by AnoxKaldnes were assigned or assumed by Kruger as a result of the merger, Kruger may have also assumed the accompanying liabilities to Hydroxyl regardless of the nature of the acquisition (i.e., whether or not it truly was a "merger.").

## II. IDI SHOULD BE PERMITTED TO VOLUNTARILY DISMISS ITS CLAIMS

Rule 41 permits a party to dismiss its claims voluntarily. Fed. R. Civ. P. 41(a)(2). "In deciding whether to grant a Rule 41(a)(2) motion, courts can typically look to the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Boyd v. Rhode Island Dept. of Corrections,* 206 F.R.D. 36, 37 (D.R.I. 2001) (original source of quotation omitted). Motions for voluntary dismissal are committed to the court's sound discretion. *Id*.

In this case, IDI's decision to dismiss comes very early in the case, before the Rule 16 Scheduling Conference and before discovery has begun. Although, the Defendants have answered the Complaint and one has moved to dismiss Hydroxyl's claims as IDI's, these actions were necessary steps in order to proceed with the defense of this case, which will certainly continue after IDI's departure. There will be no delay associated with the dismissal and there has been no summary judgment motion filed.

Again, there is no apparent prejudice to Defendants resulting from IDI's dismissal of its claims.

Moreover, IDI's motivation is understanding, compelling and sufficient. IDI wishes to devote its resources to growing its business, rather than pursuing this litigation. It does not share many of the motivations that compel Hydroxyl to continue to press the case. For example, it did not employ Mr. Johns and has no non-compete or other contractual relationship with him. Thus, it should be permitted to dismiss its claims without prejudice.

**CONCLUSION**

For all the foregoing reasons, Plaintiffs request that their motion be granted in its entirety.

Dated: April 24, 2008
Providence, Rhode Island

HYDROXYL SYSTEMS, INC. and
INFILCO DEGREMONT, INC.,
By their Attorneys,

/s/ *Geoffrey W. Millsom*

Geoffrey W. Millsom (#6483)
Kyle M. Zambarano (#7171)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
gmillsom@apslaw.com

**CERTICATE OF SERVICE**

I hereby certify that I filed the foregoing Motion For Leave To Amended Complaint And For Partial Voluntary Dismissal and supporting memorandum through the ECF system on the 24 day of April, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 07-cv-00399 ML-LDA.

/s/ *Geoffrey W. Millsom*

*451690_1.doc*