UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HYDROXYL SYSTEMS, INC. | : | |
| | : | |
| v. | : | C.A. No. 07-399-ML |
| | : | |
| ANOXKALDNES, INC. | : | |
| MICHAEL JOHNS and | : | |
| I. KRUGER, INC. | : | |

**ANSWER OF ANOXKALDNES, INC., MICHAEL JOHNS and I KRUGER, INC. TO PLAINTIFF'S AMENDED COMPLAINT**

**NATURE OF ACTION**

1. These defendants admit that AnoxKaldnes, Inc. hired Michael Johns at one point, but deny the remaining allegations of paragraph 1.

2. Denied.

3. These defendants admit that plaintiffs seek relief, but deny that plaintiff is entitled to any such relief and deny the remaining allegations of paragraph 2.

4. These defendants admit that plaintiff seeks relief, but deny that plaintiff is entitled to any such relief and deny the remaining allegations of paragraph 3.

**THE PARTIES**

5. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore deny such allegations.

6. Admitted.

7. These defendants admit that Kruger is a North Carolina corporation with an office in Cary, North Carolina, but deny the remaining allegations of paragraph 7.

8. Admitted.

## JURISDICTION AND VENUE

9. These defendants admit the diversity of citizenship, but deny the remaining allegations of paragraph 9.

10. These defendants admit that personal jurisdiction over them exists in Rhode Island, but deny the remaining allegations of paragraph 11.

11. These defendants admit venue as to the dispute, but deny the remaining allegations of paragraph 12.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

### Hydroxyl's Employment of Michael Johns

12. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny such allegations.

13. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny such allegations.

14. These defendants admit that Hydroxyl employed Johns as a project manager starting in 1999 and that his title was changed to Director of Sales in 2006, but otherwise deny the allegations of paragraph 15.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. These defendants admit that Michael Johns signed an Agreement, but deny the remaining allegations of paragraph 20.

21. Defendants admit that the Agreement is accurately quoted in part, but deny the remaining allegations of paragraph 21.

22. Defendants admit that the Agreement is accurately quoted in part, but deny the remaining allegations of paragraph 22.

23. Denied.

Hydroxyl's Confidential Customer and Business Information

24. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny such allegations.

25. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny such allegations.

26. These defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny such allegations.

27. Denied.

John's Resignation

28. These defendants admit that Johns resigned from Hydroxyl in February of 2007, but deny the remaining allegations of paragraph 28.

29. Denied.

30. These defendants admit that Johns worked for AnoxKaldnes and since January 1, 2008 works for Kruger, but deny the remaining allegations of paragraph 34.

31. Denied.

32. Denied.

<u>Defendants' Conspiracy To Misappropriate Trade Secrets And hire Away Hydroxyl's Employee</u>

33. Denied.

34. Denied.

35. Denied.

<u>Damages and Irreparable Harm Resulting from Defendants' Conduct</u>

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**FIRST CLAIM**

**Breach of Contract**
**<u>(against Johns)</u>**

40. Defendants repeat and re-allege their answers to paragraphs 1 through 39 in response to the allegations of paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## SECOND CLAIM

**Misappropriation of Trade Secrets**
**(against all Defendants)**

45. Defendants repeat and re-allege their answers to paragraphs 1 through 44 in response to the allegations of paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## THIRD CLAIM

**Intentional Interference with Employment Contract**
**(against AnoxKaldnes, Inc.)**

55. Defendants repeat and re-allege their answers to paragraphs 1 through 54 in response to the allegations of paragraph 55.

56. Denied.

57. Denied.

58. These defendants admit that AnoxKaldnes was aware of Johns' prior employment at Hydroxyl, but otherwise deny the remaining allegations of paragraph 58.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**FOURTH CLAIM**

**Breach of Fiduciary Duty (Against Johns)**

65. Defendants repeat and re-allege their answers to paragraphs 1 through 64 in response to the allegations of paragraph 65.

66. Denied.

67. These defendants acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 67.

68. Denied.

69. Denied.

**FIFTH CLAIM**

**Inducing Breach of Fiduciary Duty (Against AnoxKaldnes)**

70. Defendants repeat and re-allege their answers to paragraphs 1 through 69 in response to the allegations of paragraph 70.

71. These defendants acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has

not violated any such obligations and otherwise deny the allegations contained in paragraph 71.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## SIXTH CLAIM

**Breach of Duty of Loyalty**
**(Against Johns)**

76. Defendants repeat and re-allege their answers to paragraphs 1 through 75 in response to the allegations of paragraph 76.

77. These defendants acknowledge that former employees have certain obligations to their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 77.

78. Denied.

79. Denied.

## SEVENTH CLAIM

**Inducing Breach of Duty of Loyalty**
**(Against AnoxKaldnes, Inc.)**

80. Defendants repeat and re-allege their answers to paragraphs 1 through 79 in response to the allegations of paragraph 80.

81. Defendants admit that AnoxKaldnes knew that Johns was an employee of Hydroxyl, and acknowledge that former employees have certain obligations to

their former employers and affirmatively assert that Johns has not violated any such obligations and otherwise deny the allegations contained in paragraph 81.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## EIGHTH CLAIM

**Intentional Interference With Prospective Contractual Relations (Against All Defendants)**

86. Defendants repeat and re-allege their answers to paragraphs 1 through 85 in response to the allegations of paragraph 86.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## NINTH CLAIM

**Conspiracy (Against Johns and AnoxKaldnes)**

93. Defendants repeat and re-allege their answers to paragraphs 1 through 92 in response to the allegations of paragraph 93.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

**TENTH CLAIM**

**Unfair Competition**
**(Against all Defendants)**

100. Defendants repeat and re-allege their answers to paragraphs 1 through 99 in response to the allegations of paragraph 100.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a claim against these defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert certain of the claims in the Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**

The non-compete clause contained in Johns' Employment Agreement is not enforceable for lack of consideration.

**FOURTH AFFIRMATIVE DEFENSE**

The non-compete clause contained in Johns' Employment Agreement is not enforceable because it is unnecessary to protect any legitimate business interest of Hydroxyl.

**FIFTH AFFIRMATIVE DEFENSE**

The non-complete clause contained in Johns' Employment Agreement is not enforceable because it is unreasonably broad in its geographic and temporal scope.

**SIXTH AFFIRMATIVE DEFENSE**

Hydroxyl Systems no longer competes with AnoxKaldnes, Inc. or Kruger in the municipal waste water treatment market in the United States.

WHEREFORE, ANOXKALDNES, INC., MICHAEL JOHNS and I. KRUGER, INC. demand that plaintiff's Amended Complaint be denied and dismissed with prejudice and that costs and attorneys' fees be awarded to these defendants.

ANOXKALDNES, INC.
MICHAEL JOHNS
and I. KRUGER, INC.
By their Attorneys,

/s/ William R. Grimm
William R. Grimm (#1938)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
wgrimm@haslaw.com

Dated: June 11, 2008

**CERTIFICATION**

To:

Geoffrey W. Millsom, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that I mailed a copy of the within Answer to the attorney of record, as listed above, on this 11th day of June, 2008.

/s/ William R. Grimm

#889972