UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HYDROXYL SYSTEMS, INC. | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 07-399-ML |
| ANOXKALDNES, INC., | : | |
| MICHAEL JOHNS and I. KRUGER, INC. | : | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the undersigned and ORDERED by the Court that a Protective Order be entered in this action as follows:

1. Scope of Order Designation. This Stipulation and Order applies to all discovery conducted by the parties and/or involving non-parties including the production of documents and tangible things, the taking of depositions, and answers to interrogatories or requests for admissions ("Discovery Material"), and to the use of Discovery Material. Discovery Material which a party reasonably and in good faith believes contains or reflects a trade secret or other confidential, personal, proprietary or non-public information of a competitively sensitive or otherwise genuinely confidential nature (including, without limitation, research, development, technical scientific, financial, business, or commercial information) shall be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the provisions of this Stipulation and Order (all Discovery Material so designated, and all information derived therefrom, shall hereinafter be referred to as "Protected Information"). Each such exhibit and/or attachment must be individually evaluated and designated with the appropriate legend to be so protected.

2. Protected Information. Discovery Material produced during the course of this action may be designated Protected Information within the meaning of this Order by marking the

first page or portion of the particular item or a copy thereof with the appropriate legend as described below. For a lengthy document, a party may designate the entire document as protected by the specified classification by marking the first page with the appropriate legend. In the case of Protected Information contained or embodied in a form other than documents, such as samples, films, tapes, apparatus, disks, etc., such designation shall be made by affixing to the item a tag or label conspicuously bearing the appropriate legend. For electronically stored information, a party shall mark the production disk – or other form of production – with the appropriate legend. All Protected Information shall remain confidential and shall not be used except in connection with the preparation for and/or trial of this action, or as otherwise ordered by the Court. Discovery Material designated Protected Information shall be used by the receiving party solely in connection with this litigation and not for any business, competitive, or other purposes, and shall not be disclosed to any third party except as expressly provided by this Stipulation and Order.

3. Treatment of CONFIDENTIAL Discovery Materials. To facilitate discovery in this action while preserving the rights of the parties with respect to Discovery Materials classified as CONFIDENTIAL, the parties shall treat CONFIDENTIAL information in accordance with the following procedures:

a. Disclosure Only to Parties, Their Counsel and Experts. Discovery Material designated as CONFIDENTIAL shall be disclosed only to:

i. the Court and its officers under seal as set forth herein and in accordance with U.S. District Court District of Rhode Island Local Rule 102;

ii. counsel of record or consulting counsel (including counsels' partners, associates, associated counsel, paralegals, secretarial and clerical personnel);

iii. outside independent technical, accounting and legal consultants retained by counsel for the receiving party for assistance in the preparation, prosecution, or trial of this action, provided that before any disclosure of CONFIDENTIAL information produced by another party is made to such an outside independent consultant, that person shall be furnished with a copy of this Stipulation and Order and shall execute the Representation of Confidentiality appended hereto as Exhibit A, acknowledging that he or she is familiar with the provisions of this Stipulation and Order and will abide by its terms, and each such statement shall be kept by the employing counsel;

iv. executives of the parties, provided that such disclosure is to assist outside counsel in the preparation, prosecution, or trial of this action; and

v. court reporters used in depositions.

b. Disclosure to Others Requires Consent. If counsel for any party in good faith believes it necessary, for the purpose of this action only, to disclose Discovery Material designated as CONFIDENTIAL by a party to any person other than to those provided in paragraph 3(a), counsel shall not do so without first obtaining written permission from counsel for the party that disclosed such material authorizing disclosure of the Protected Information;

such request for written permission shall be in writing, specify by Bates or other identifying number(s) the particular Protected Information to be disclosed, the need for disclosure, and the identity of the person to whom it will be disclosed.

c. Procedure if Permission Cannot be Obtained. If the permission described in paragraph 3(b) is refused, the party refusing permission shall state its reasons in writing. The parties shall then confer in good faith in an attempt to resolve the matter. If agreement is not reached the party that requested permission may petition the Court for an order allowing disclosure. The party designating the material shall have the burden of demonstrating the necessity of the confidentiality sought.

d. Number of Outside Independent Consultants. The total combined number of outside independent consultants to whom either party can disclose Protected Information under Section 3(a)(iii) and Section 4(b)(ii) shall be limited to three (3) per party.

4. Treatment of CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Materials. Discovery Materials produced during the course of this action may be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY within the meaning of this Order by marking the first page or portion of the particular item or a copy thereof as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

a. Description of CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material. CONFIDENTIAL – ATTORNEYS' EYES ONLY shall include only Discovery Material of such a sensitive nature that one party reasonably fears potential competitive injury resulting from disclosure to any other party. Nothing shall be designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY except for information of the most sensitive nature, which if disclosed to a person of expertise in the relevant area would reveal significant

technical or business advantages of the designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposed party. By way of example, CONFIDENTIAL – ATTORNEYS' EYES ONLY includes such highly sensitive Discovery Material as trade secret research, manufacturing processes, and customer, supplier and financial information. To the extent that such Discovery Material is prepared in abstract and/or redacted from without disclosing such proprietary information, the parties shall in good faith endeavor to limit the designation of the CONFIDENTIAL level, if it is to be designated at all.

b. Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY. Unless otherwise ordered by the Court, all Discovery Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be made available only to:

i. counsel of record or consulting counsel (including counsels' partners, associates, associated counsel, paralegals, secretarial and clerical personnel);

ii. potential expert witnesses if:

a. counsel for the party in good faith believes such disclosure is necessary to prepare for litigation;

b. the expert signs a Representation of Confidentiality (Exhibit A) stating that (s)he has read and will be bound by the Stipulation and Order and will submit to the jurisdiction of the United States District Court for the District of Rhode Island in connection with the enforcement of such Representation of Confidentiality; and

c. the Representation of Confidentiality is served on the other party's counsel at leave five (5) business days prior to the disclosure of the CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material and the other party's counsel does not object to the proposed disclosure in writing based on a claim that (s)he reasonably fears potential competitive injury resulting from disclosure to the proposed expert; and

iii. Court personnel under seal, as set forth herein and in accordance with U.S. District Court District of Rhode Island Local Rule 102.

c. Procedure upon Objection. In the event that counsel for a party objects to the disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material pursuant to paragraph 4(b)(ii)(c) because (s)he reasonably fears potential competitive injury resulting from the disclosure, the parties shall then confer in good faith in an attempt to resolve the matter. If agreement is not reached, the party that objected to the disclosure may move the Court for an order prohibiting disclosure provided that such motion is filed within fourteen (14) calendar days of the service of the Representation of Confidentiality pursuant to paragraph 4(b)(ii)(c). Denial of such a motion shall constitute good cause for the party opposing it to seek modification of any scheduling deadline in this action.

d. Disclosure to Parties. Discovery Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be shown to or discussed with the parties, their directors, officers, or employees, or any other persons, in the absence of an order from the Court or written authorization by opposing counsel.

e. Other Provisions of this Order Govern. All other terms of this Stipulation and Order shall apply to all Discovery Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY.

5. Disputes Concerning Protected Information. A party may at any time challenge the designation or classification of Discovery Material by serving a written objection upon the designating party. If the parties are unable to resolve a dispute concerning designation or classification by agreement within ten (10) calendar days after service of the objection, a party may seek relief from the Court. Protected Information challenged as improperly designated or classified shall nonetheless be treated pursuant to its classification and remain subject to the provisions of this Stipulation and Order until otherwise ordered by the Court or upon agreement of the parties concerning the challenge. Although under this Stipulation and Order the party opposing or challenging the designation or classification must initiate filing of a motion with the Court, the burden of proof shall remain upon the designating party to establish that the information sought to be protected requires the confidentiality protection sought.

6. Information Not Obtained Through Discovery. Nothing in this Stipulation and Order shall impose any restrictions on the use or disclosure by a party of documents or information obtained by such party independently of the discovery proceedings in this action, or which has become part of the public domain.

7. Disclosure. In addition to other requirements imposed by this Stipulation and Order, each person given access to Protected Information pursuant to the terms of this Stipulation and Order shall use such Protected Information only for the purposes of this litigation, and not disclose or discuss such Protected Information with any persons other than those already subject to the terms of this Stipulation and Order.

8. Designation of Deposition Testimony

a. General. Any testimony given in any discovery proceeding in this action may be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by making such designation on the record. A party also may make such designation in writing to the reporter if the designations are made within thirty (30) calendar days after the transcript has been made available to counsel for the party making the designation if it is making designation and a notice of such designation is sent to parties' counsel. Whenever any document designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is identified as an exhibit in connection with testimony given in a discovery proceeding, it shall be so marked and sealed in a separate envelope.

b. Transcripts. Each portion of a deposition transcript in which Protected Information is discussed, referred to, disclosed, or introduced as an exhibit, containing testimony classified in accordance with paragraph 8(a) hereof, shall be separately bound and sealed, together with any document introduced as an exhibit in that portion of the deposition, and shall itself be treated in the manner in which Protected Information is treated under this Stipulation and Order.

c. Presumption of Classification. All testimony elicited and exhibits introduced during any discovery proceeding in this action shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the expiration of thirty (30) calendar days after the transcript of such testimony has been received by all counsel.

9. Designation at Hearing or Trial. A party that intends to introduce its own Protected Information at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. In the event that a party intends to introduce

another party's Protected Information, it shall notify the other party prior to the time at which it intends to introduce that party's Protected Information. If the other party desires to maintain the confidentiality of this material, it shall be responsible for taking appropriate measures with the Court to maintain confidentiality.

10. Persons Who May Be Excluded During Oral Testimony. Whenever Discovery Material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is to be referred to or disclosed in a discovery proceeding, any party asserting these classifications may exclude from the room any person who is not entitled to receive Discovery Material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

11. Filing Under Seal. If Protected Information or information derived therefrom is to be included in any papers to be filed with the Court, including without limitation, motions, briefs, or affidavits, then such papers shall be filed with the Court in accordance with U.S. District Court District of Rhode Island Local Rule 102 (as amended March 17, 2008), which provides, in part, that

a. Documents filed with the Court may not be sealed unless ordered by the Court. If counsel or a party filing a document has a good faith basis for believing that a document should be sealed, the document shall be accompanied by a motion to seal, which explains why the document should be sealed. L.R. 102(a)(1).

b. Unless the Court otherwise permits, if counsel or a party has a good reason to believe that a document that such counsel or party proposes to file contains material that another party would maintain is confidential, the

document shall not be filed until such other party has been notified and afforded an opportunity to file a motion to seal. L.R. 102(a)(2).

c. If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information. L.R. 102(a)(3).

d. The motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documentation or materials which are subject of the motion.

Counsel shall refer to the Court's Local Rules prior to filing a Motion to Seal to ensure compliance with them. If the Court grants a party's motion to seal, then the sealed documents shall be endorsed with the caption of this action, a general description of the contents of the envelope, and the legend: "CONFIDENTIAL – FILED UNDER SEAL – SUBJECT TO PROTECTIVE ORDER. This envelope [or container] containing the above-identified papers filed by [name of party] contains materials subject to Protective Order of this Court and is not to be opened nor the contents thereof disclosed or revealed except by the Court in camera, by Court Order."

12. Order Effective Upon Signing. This Stipulation and Order is immediately binding upon the parties signing it. The parties to the Stipulation and Order agree to act pursuant to the terms of this Stipulation and Order pending its approval by the Court. Nothing in this Stipulation and Order shall enlarge or impair any party's remedies with respect to any violation of this Stipulation and Order.

13. Production of Documents for Inspection. With respect to documents produced for inspection by a party, the producing party need not designate such documents pursuant to this Stipulation and Order until the inspecting party requests copies of particular documents. Production of documents for inspection shall not constitute a waiver of any claim of confidentiality, and all documents produced for inspection by a party shall be treated as though designated CONFIDENTIAL – ATTORNEYS' EYES ONLY until copies are produced which are designated as permitted by this Stipulation and Order.

14. Inadvertent Production. The parties shall make a good-faith effort to designate Discovery Material properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of Discovery Material without any, or the appropriate, classification, regardless of whether the Discovery Material was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information contained therein, and the parties shall, upon notice, thereafter treat such Discovery Material according to the correct designation and classification. A receiving party shall make a good-faith effort to locate and mark appropriately any Discovery Material upon receipt of such notice.

15. Binding Nature of Protective Order. This Stipulation and Order, once entered by the Court, shall remain in effect unless modified by Order of the Court on motion of any party provided, however, that this Stipulation and Order shall not be construed (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the producing party; (b) to apply to information that appears in printed publications or becomes publicly known through no fault of any party or its counsel; OR (c) to apply to information which any party or its counsel has lawfully obtained since disclosure by the

producing party. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate. The Court shall retain jurisdiction to resolve any disputes concerning the disposition of Protected Information after the termination of this action.

16. Additional or Substituted Parties. In the event that one or more parties are added or substituted in this action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties to seek relief from or modification of this Order.

17. Return of Protected Information. Within sixty (60) calendar days of the final termination of this action, including the final disposition of any and all appeals, all Protected Information (including any and all copies, abstracts or summaries thereof, or other information derived therefrom) shall be returned to counsel for the party or witness who initially produced such Discovery Material unless the parties shall have agreed upon other methods for the disposition of such material; provided, however, that counsel of record may retain pleadings and other papers filed with the Court (but must remove copies of Protected Information contained in exhibits to the documents), and any work product, attorney-client communications, expert work product, and copies thereof, which shall remain subject to this Stipulation and Order.

ENTER: PER ORDER:

____________________ ____________________

Dated: July 1, 2008 Dated: July 1, 2008

AGREED TO IN FORM AND SUBTANCE:

Dated: July1, 2008

HYDROXYL SYSTEMS, INC.
By its Attorneys,

/s/ Geoffrey W. Millsom
Geoffrey W. Millsom, Esq. (#6483)
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel. (401) 274-7200
Fax. (401) 351-4607/751-0604
gmillsom@apslaw.com

ANOXKALDNES, INC.,
MICHAEL JOHNS and I. KRUGER, INC.
By their Attorneys,

/s/ William R. Grimm
William R. Grimm (#1938)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
wgrimm@haslaw.com

**CERTIFICATION**

I hereby certify that on July 1, 2008, a copy of the foregoing Stipulated Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ William R. Grimm
William R. Grimm